IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-10078-CIV-MOORE/GARBER

LIBERTY MUTUAL
INSURANCE COMPANY,

 Plaintiff,

v.

ROGER DROUIN and
JAMES WROZEK,

 Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT DROUIN'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant/Counter-Plaintiff Roger Drouin's Motion for Summary Judgment (dkt # 19) and Plaintiff/Counter-Defendant Liberty Mutual Insurance Company's Motion for Final Summary Judgment (dkt # 29).

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I. BACKGROUND**

On January 9, 2006, Defendant/Counter-Plaintiff Roger Drouin ("Drouin"), age 54, was riding his motorcycle northbound on US-1 in the State of Florida. As he approached the intersection of County Road 905, his motorcycle collided with a rental car driven by Defendant James Wrozek ("Wrozek"). Drouin's motorcycle and body impacted the vehicle driven by Wrozek. As a result, Drouin sustained severe physical injuries, resulting in three months of hospitalization, several months in a convalescent center, additional inpatient rehabilitation, and ongoing physical therapy.

At the time of the accident, Wrozek was insured under a policy issued by Liberty Mutual Insurance Company ("Liberty Mutual") (policy no. AO2-248-844295-00 5 6, effective 05/21/2005-06, (the "Policy")). The Policy, issued and delivered to Wrozek in Michigan, insured four Michigan registered vehicles, none of which were involved in the accident. The named insureds under the Policy were James and Teresa Wrozek (the "Wrozeks").

The Policy contains an endorsement entitled "Personal Injury Protection Coverage - Michigan (the "PIP Endorsement") which provides, in relevant part, as follows:

> II. Personal Injury Protection Coverage
> Insuring Agreement
>    A.  We will pay personal injury protection benefits to or for an "insured" who sustains "bodily injury." The "bodily injury" must:
>         1.  Be caused by accident; and
>         2.  Result from the ownership, maintenance or use of an "auto" as an "auto".
>    B.  These benefits are subject to the provisions of the Michigan Insurance Code.

The PIP endorsement also provides certain relevant definitions as follows:

> I. Definitions
> The Definitions Section is amended as follows:
>    A.  The definition of "your covered auto" is replaced by the following:
>       "Your covered auto" means an "auto";
>         1.  For which you are required to maintain security under the Michigan Insurance Code; and
>         2.  To which the bodily injury liability coverage of this policy applies.
>    B.  The following definitions are added:
>         1.  "Auto" means a motor vehicle or trailer operated or designed for use on public roads. It does not include:
>             a.  A motorcycle or moped; . . .
>    C.  "Insured" as used in this endorsement means:
>         1.  You or any "family member" injured in an "auto accident";

    2. Anyone else injured in an "auto accident";
       a. While "occupying" "your covered auto";
       b. If the accident involves any other "auto":
          (1) Which is operated by you or any "family member"; and
          (2) To which part A of this policy applies.
       c. While not "occupying" any "auto" if the accident involves "your covered auto."

The Policy's PIP Endorsement provides, in relevant part, the following exclusion:

Exclusions
A. We do not provide Personal Injury Protection Coverage for "bodily injury": . . .
    3. Sustained by an "insured" while not "occupying" an "auto" if the accident takes place outside of Michigan. However, this Exclusion (A.3.) does not apply to
       a. You; or
       b. Any "family member".

The Policy defines the term "occupying" as "in, upon, getting in, on, out or off."

On August 30, 2007, Liberty Mutual filed this complaint (dkt #1) seeking a declaratory judgment that Drouin is not entitled to personal protection no-fault benefits under the Policy. Drouin filed an Amended Answer and Counterclaim (dkt # 22) seeking benefits under the Policy. Drouin later filed a Motion for Summary Judgment (dkt # 19), to which Liberty Mutual responded and filed its own Motion for Final Summary Judgment (dkt # 29). Drouin did not respond to Liberty Mutual's Motion for Final Summary Judgment (dkt # 29).

## II.    STANDARD OF REVIEW

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III. ANALYSIS

#### A. Applicability of Michigan Law

Michigan law governs the rights of the Parties under the Policy issued by Liberty Mutual to the Wrozeks. Florida's rule of *lex loci contractus* dictates that "the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage." State Farm. Mut. Auto. Ins. Co. v. Roach, 945 So.2d 1160, 1163 (Fla. 2006) (stating that *lex loci contractus* is a rule that is inflexible but necessary to ensure

stability in contracts). However, Florida maintains a narrow public policy exception to the rule. Id. at 1164. The public policy exception only applies when there is a Florida citizen in need of protection and there is a paramount Florida public policy at stake. Id. at 1165. Additionally, in the case of insurance contracts, "the insurer must be on reasonable notice that the insured is a Florida citizen." Id.; see also N.J. Mfrs. Ins. Co. v. Woodward, 456 So.2d 552 (Fla. 3d. DCA 1984) (holding that Florida law did not govern a policy issued in New Jersey because notice of insured's Florida mailing address was insufficient to put insurance company on notice that insured was a Florida resident); State Farm Mut. Auto Ins. Co. v. Davella, 450 So.2d 1202, 1204 (Fla. 3d DCA 1984) (holding that Florida law did not govern out-of-state policy where insured informed insurer that Florida residence was temporary). This notice requirement "allows an insurer to decline to issue a policy, to withdraw from one, or-if it is licensed in Florida-to issue a policy in Florida and charge the appropriate premium." Roach, 945 So.2d at 1165.

Here, Drouin is a Florida citizen in need of protection. For the purpose of resolving the choice of law question at issue, this Court assumes, without deciding, that Florida has a public policy interest of paramount importance in assuring that insured drivers from other states do not enter Florida with insurance policies that exclude coverage for Florida citizens in the event of an accident.[1] Nevertheless, the notice requirement remains unfulfilled because neither party has asserted that Wrozek was a Florida citizen, nor that Liberty Mutual had any such notice.

Drouin asserts that he should be construed as an insured under the Policy. However, even as a hypothetical insured, Drouin cannot satisfy the citizenship notice requirement. The Florida cases, such as Roach, that address the notice requirement, use the term "insured" in a way that

---

[1] Drouin provides no reasons in his Motion for Summary Judgment (dkt # 19) why applying Michigan law would be contrary to Florida's public policy.

5

refers to the policyholder or named insured, as opposed to an injured third-party who may be entitled to receive benefits under the terms of the policy. Even if Drouin is covered by the policy, Liberty Mutual could never have been on notice prior to the accident that Drouin was a citizen of Florida. The obvious reason for this is that insurance companies cannot predict the citizenship of persons who will be in accidents with their policyholders. Therefore, a Florida resident who may be covered by an out-of-state insurance policy, but who is not the policyholder or another individual capable of providing adequate notice of Florida citizenship to the insurance company prior to an accident, cannot satisfy the citizenship notice requirement of the public policy exception to the rule of *lex loci contractus*. To find otherwise would defeat the purpose of the notice requirement, which is to allow insurance companies to decline to issue a policy, withdraw, or issue a Florida policy. Roach, 945 So.2d at 1165. Therefore, the public policy exception to the *lex loci contractus* rule is inapplicable here because the citizenship notice requirement has not been satisfied.

B. Coverage Provided by the Policy

The Michigan No-Fault Act provides, in relevant part:

> Personal protection insurance benefits are payable for accidental bodily injury suffered in an accident occurring out of this state, if the accident occurs, within the United States, . . . and the person whose injury is the basis of the claim was at the time of the accident a named insured under a personal protection insurance policy, his spouse, a relative of either domiciled in the same household or *an occupant of a vehicle involved in the accident whose owner or registrant was insured under a personal protection insurance policy*.

M.C.L. § 500.3111 (emphasis added).

Both Parties agree that Drouin is not covered by the Policy unless he is construed as

"occupying" the vehicle Wrozek was driving at the time of the accident.[2] The Policy defines "occupying" as being "in, upon, getting in, on, out or off." Drouin argues that he was "occupying" the vehicle driven by Wrozek at the time of the accident because the collision caused his body to come in contact with, or be upon, the vehicle. Liberty Mutual contends that while contact with a vehicle is one factor courts often use to determine if a person is "occupying" a vehicle, the element of contact is inapposite here because Drouin, as the rider of a motorcycle, cannot be construed as an occupant of the vehicle with which he collided.

This Court finds that Drouin was not "occupying" the vehicle driven by Wrozek. Under Michigan law, a person is not "occupying" a vehicle for purposes of the Michigan No-Fault Act unless he is physically inside of it. Rednour v. Hastings Mut. Ins. Co., 661 N.W.2d 562, 567 (Mich. 2003). Notably, the insurance policy in Rednour contained a definition of "occupancy" identical to the one at issue here. Id. The Rednour Court found that despite the fact that the injured party had recently exited the covered vehicle and was standing six inches away from it when struck by another car, he was not "occupying" the vehicle. Id. The Court also stated that it was unnecessary to reach the question of "whether a policy may provide coverage broader than that required by the no-fault act" because "[h]e was not in the vehicle, nor was he getting in, on, out, or off the vehicle when he was injured." Id.

Drouin's "occupancy" argument is even more attenuated than the one rejected in Rednour. Drouin was never physically inside the vehicle driven by Wrozek. He bases his claim of "occupancy" on the fact that his body was "upon" the vehicle at the time of impact. However,

---

[2] If an accident takes place outside of Michigan, the Policy excludes coverage for all "insureds" who are injured while not "occupying" an "auto," unless the injured party is the policyholder or any family member. A motorcycle is not an "auto" within the meaning of the policy. These provisions comport with Michigan's No-Fault Act. See M.C.L. § 500.3111. The No-Fault Act does not define "occupant."

the Court in Rednour explicity rejected this argument, finding that the injured party was not "upon" the vehicle when he was pinned against it after being struck. Id. The Court further stated that "[p]hysical contact by itself does not . . . establish that a person is 'upon' a vehicle such that the person is 'occupying' the vehicle." Id. The certainty and predictability derived from this literal interpretation of "occupancy" is consistent with the purpose of the Michigan No-Fault Act, which is to provide prompt reparations for victims of motor vehicle accidents. Id. at 565. Therefore, Drouin was not "occupying" the vehicle driven by Wrozek within the meaning of the Michigan No-Fault Act or the Policy. Accordingly, there are no genuine issues of material fact.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiff/Counter-Defendant Liberty Mutual's Motion for Final Summary Judgment (dkt # 29) is GRANTED. Drouin is not entitled to any personal protection no-fault benefits under Michigan's No-Fault Act or the Policy. It is further,

ORDERED AND ADJUDGED that Defendant/Counter-Plaintiff Drouin's Motion for Summary Judgment (dkt # 19) is DENIED. The Clerk of Court is directed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st day of March, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record